## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **KRYSTAL JOY M.,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Civil No. TMD 19-2319** |
| **v.** | * | |
| | * | |
| | * | |
| **ANDREW M. SAUL,** | * | |
| **Commissioner of Social Security,** | * | |
| | * | |
| **Defendant.** | * | |
| | ************ | |

## MEMORANDUM OPINION GRANTING PLAINTIFF'S
## ALTERNATIVE MOTION FOR REMAND

Plaintiff Krystal M. seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying her applications for disability insurance benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act.  Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 14), Defendant's Motion for Summary Judgment (ECF No. 15), and Plaintiff's Response to Defendant's Motion for Summary Judgment (ECF No. 16).[1]  Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that she is not disabled.  No hearing is necessary.  L.R. 105.6.  For the reasons that follow, Plaintiff's alternative motion for remand (ECF No. 14) is **GRANTED**.

---

[1] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002).  For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

# I

## Background

On January 31, 2019, Administrative Law Judge ("ALJ") H. Munday held a hearing where Plaintiff, a witness, and a vocational expert ("VE") testified.  R. at 34-68.  The ALJ thereafter found on March 20, 2019, that Plaintiff was not disabled from her alleged onset date of disability of September 25, 2016, through the date of the ALJ's decision.  R. at 11-33.  In so finding, the ALJ found that Plaintiff had not engaged in substantial, gainful activity since September 25, 2016, and that she had severe impairments.  R. at 16-17.  She did not, however, have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1.  R. at 17-19.  In comparing the severity of Plaintiff's mental impairments to the listed impairments, the ALJ found that Plaintiff had a moderate limitation in concentrating, persisting, or maintaining pace.  R. at 18.

The ALJ then found that Plaintiff had the residual functional capacity ("RFC")

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except with a sit/stand option every 30 minutes, if needed, while remaining on task; occasional balancing, stooping, kneeling, crouching, crawling, and climbing; occasional exposure to vibrations; occasional exposure to hazardous conditions, including unprotected heights and moving machinery; able to perform simple routine tasks; only simple, work-related decisions with few workplace changes; no work at a fixed production rate pace; and occasional interaction with the general public.

R. at 19.[2]  In light of this RFC and the VE's testimony, the ALJ found that, although she could not perform her past relevant work as a registered nurse, personal care aide, and cashier, Plaintiff could perform other work in the national economy, such as a mail clerk, garment sorter, or price

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls."   20 C.F.R. §§ 404.1567(b), 416.967(b).

marker.  R. at 26-27.  The ALJ thus found that Plaintiff was not disabled from September 25, 2016, through March 20, 2019.  R. at 34-35.

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed on August 13, 2019, a complaint in this Court seeking review of the Commissioner's decision.  Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment.  The case then was reassigned to the undersigned.  The parties have briefed the issues, and the matter is now fully submitted.

## II

### Disability Determinations and Burden of Proof

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations.  20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003).  "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further."  *Thomas*, 540 U.S. at 24, 124 S. Ct. at

3

379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  The claimant has the burden of production

and proof at steps one through four.  *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct.

2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity.  If the claimant is

engaged in substantial gainful activity, then the claimant is not disabled.    20 C.F.R.

§§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner

looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination

of impairments that significantly limits the claimant's physical or mental ability to do basic work

activities.  *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c),

404.1522(a), 416.920(c), 416.922(a).[3]

Third, if the claimant has a severe impairment, then the Commissioner will consider the

medical severity of the impairment.  If the impairment meets or equals one of the presumptively

disabling impairments listed in the regulations, then the claimant is considered disabled,

regardless of age, education, and work experience.    20 C.F.R.  §§ 404.1520(a)(4)(iii),

404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the

presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to

determine the claimant's "ability to meet the physical, mental, sensory, and other requirements"

---

[3] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do
most jobs."  20 C.F.R. §§ 404.1522(b), 416.922(b).  These abilities and aptitudes include
(1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching,
carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding,
carrying out, and remembering simple instructions; (4) use of judgment; (5) responding
appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes
in a routine work setting. *Id.* §§ 404.1522(b)(1)-(6), 416.922(b)(1)-(6); *see Yuckert*, 482 U.S. at
141, 107 S. Ct. at 2291.

of the claimant's past relevant work.   20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4).   RFC is a measurement of the most a claimant can do despite his or her limitations.   *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).   The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources."   20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).   The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations.   *See id.*   If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled.   *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience.   *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy.   *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).   If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled.   If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled.   20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

# III

## Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence.  *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law."  *Id.*  The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion.  *See Hancock*, 667 F.3d at 472; *see also Biestek v. Berryhill*, 587 U.S. ___, 139 S. Ct. 1148, 1154 (2019).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner.  *Hancock*, 667 F.3d at 472.  Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."  *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).  When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ.  *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

# IV

## Discussion

Plaintiff contends that remand is warranted because the ALJ set forth an inadequate hypothetical to the VE and then relied on the testimony of the VE to conclude that she could perform work that exists in significant numbers in the national economy.  Pl.'s Mem. Supp. Mot. Summ. J. 9, ECF No. 14-1.  According to Plaintiff, "[t]he error in this case arises from the ALJ's failure to define a limitation she posed to the vocational expert and subsequently included in the RFC."  *Id.*  "Without such a definition, it would have been impossible for the VE to assess whether a person with Plaintiff's limitations could maintain the pace proposed."  *Id.* at 10.  Plaintiff thus argues that the failure to provide such an explanation frustrates meaningful review, warranting remand.  *Id.* at 11.  For the reasons discussed below, the Court remands this case for further proceedings.

Social Security Ruling[4] 96-8p, 1996 WL 374184 (July 2, 1996), explains how adjudicators should assess RFC and instructs that the RFC

> "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations.  "Only after that may [residual functional capacity] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy."  The Ruling further explains that the residual functional capacity "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."

---

[4] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted.  20 C.F.R. § 402.35(b)(1).  Once published, these rulings are binding on all components of the Social Security Administration.  *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1).  "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law."  *Pass*, 65 F.3d at 1204 n.3.

*Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (alteration in original) (footnote and citations omitted). The Fourth Circuit has held, however, that a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). Rather, remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177). The court in *Mascio* concluded that remand was appropriate because it was "left to guess about how the ALJ arrived at his conclusions on [the claimant's] ability to perform relevant functions" because the ALJ had "said nothing about [the claimant's] ability to perform them for a full workday," despite conflicting evidence as to the claimant's RFC that the ALJ did not address. *Id.* at 637; *see Monroe v. Colvin*, 826 F.3d 176, 187-88 (4th Cir. 2016) (remanding because ALJ erred in not determining claimant's RFC using function-by-function analysis; ALJ erroneously expressed claimant's RFC first and then concluded that limitations caused by claimant's impairments were consistent with that RFC).

"[T]his Court cannot determine whether the ALJ's findings were supported by substantial evidence without an explanation of the terms 'production pace or strict production quotas.'" *Geneva W. v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-18-1812, 2019 WL 3254533, at *3 (D. Md. July 19, 2019). "[A] case can be remanded when the sole error of the ALJ is the failure to define 'non-production oriented work setting.'" *Ursula G. v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-18-1841, 2019 WL 2233978, at *3 (D. Md. May 23, 2019) (citing *Perry v. Berryhill*, 765 F. App'x 869, 872-73 (4th Cir. 2019)); *see Thomas v. Berryhill*, 916 F.3d 307, 312 (4th Cir.

2019) (determining that ALJ's failure to define "production rate or demand pace" terms made it "difficult, if not impossible," for court to assess whether substantial evidence supported their inclusion in claimant's RFC). Here, the ALJ's hypothetical to the VE and corresponding RFC assessment found that Plaintiff could perform "no work at a fixed production rate pace." R. at 19, 64. The VE further explained that "fixed production" is "a type of assembler or production line worker [sic]" "so they don't set the pace themselves. The pace is set for them." R. at 66. Work at a fixed production-rate pace would not necessarily include jobs that would have a quota. R. at 66. Although Defendant maintains that the VE defined "fixed production rate pace" at the hearing (Def.'s Mem. Supp. Mot. Summ. J. 6-7, ECF No. 15-1), "even if 'the VE's testimony does not evince any confusion about the terms of the hypothetical, the Court has an independent duty to determine if the ALJ supported [the ALJ's] findings with substantial evidence.'" *Taishika C. v. Saul*, Civil No. DLB-19-1994, 2020 WL 2994487, at *3 (D. Md. June 4, 2020) (quoting *Geneva W.*, 2019 WL 3254533, at *3); *see Mischler v. Berryhill*, 766 F. App'x 369, 376 (7th Cir. 2019) (finding that an ALJ's failure to define "no piecework or fast moving assembly line type work" limitation, without more, made it impossible for a VE to assess whether a claimant with that limitation could maintain the proposed pace (citing *Varga v. Colvin*, 794 F.3d 809, 815 (7th Cir. 2015))); *Butler v. Berryhill*, No. 1:18CV59, 2019 WL 442377, at *11 (N.D. Ind. Feb. 4, 2019) (rejecting Commissioner's argument that ALJ's limiting claimant to work that did not require "production-rate pace (e.g. assembly line work)" adequately described how often claimant would be off task during workday). Remand is warranted "to allow the ALJ to clarify the RFC assessment and hypothetical to the VE, in order to establish that the VE's testimony constitutes substantial evidence supporting the ALJ's conclusion." *Geneva W.*, 2019 WL 3254533, at *3. "On remand, the ALJ will need to establish for how long, and under what

conditions, [Plaintiff] is able 'to focus [her] attention on work activities and stay on task at a sustained rate.'" *Thomas*, 916 F.3d at 312 n.5 (second alteration in original) (quoting 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.00E(3)).

In short, "a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion. The second component, the ALJ's logical explanation, is just as important as the other two." *Thomas*, 916 F.3d at 311. The ALJ "must *both* identify evidence that supports his conclusion *and* 'build an accurate and logical bridge from [that] evidence to his conclusion.'" *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (alteration in original) (quoting *Monroe*, 826 F.3d at 189). An ALJ's failure to do so constitutes reversible error. *Lewis v. Berryhill*, 858 F.3d 858, 868 (4th Cir. 2017). Because "meaningful review is frustrated when an ALJ goes straight from listing evidence to stating a conclusion," the Court remands this case for further proceedings. *Thomas*, 916 F.3d at 311 (citing *Woods*, 888 F.3d at 694).

## V

## Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 15) is **DENIED**. Plaintiff's Motion for Summary Judgment (ECF No. 14) is **DENIED**. Plaintiff's alternative motion for remand (ECF No. 14) is **GRANTED**. Defendant's final decision is **REVERSED** under the fourth sentence of 42 U.S.C. § 405(g). This matter is **REMANDED** for further proceedings consistent with this opinion. A separate order will issue.

Date: December 7, 2020

_____/s/_____

Thomas M. DiGirolamo
United States Magistrate Judge